FERGUSON v. SIEGEL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8299. Decided Feb. 13, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

480. EVIDENCE—923. Pleadings—297. Contracts.

1. Where suit is on alleged oral contract and defense alleges written contract, burden is upon plaintiff to establish that work was based on verbal contract and issues make it competent for either side to offer evidence as to reasonableness of terms.

2. Documentary evidence containing matters foreign to issues as raised by pleadings, held not admissible.

Error to Municipal Court.
Judgment reversed.

M. B. Price and Fielder Sanders, Cleveland, for Ferguson.

P. Sampliner, Cleveland, for Siegel.

STATEMENT OF FACTS.

This cause is here on error and the parties stood in the inverse order below, the plaintiff, Siegel, suing upon an express verbal contract for the value of materials and labor plus ten per cent, he being a carpenter contractor and engaged in remodeling three houses on East 88th Street, at the instance of the defendant, Maude A. Ferguson who, in her pleading, alleged that as to the work on the house at 2037 E. 88th Street, the agreement was based upon a written contract which, as the work progressed, was modified in writing, and the result was that the contract price was increased to the amount of some $700.

SULLIVAN, P. J.

"Thus it becomes a question of fact to determine which view was the correct one, basing the analysis of the case upon whether there was a verbal contract or a written contract as claimed by the contending parties.

Under such a state of the pleadings, the burden of proof was upon the plaintiff Siegel to establish, under the rules of law, that the work was based upon a verbal contract, and the issues made it competent for either side to offer evidence as to the reasonableness of the terms of the contract. It is charged that the court below committed prejudicial error in that, under objection and exception, the bills for lumber and hardware and time sheets for labor were introduced as substantive evidence to prove the plaintiff's claims as to the total amount that was due him from the defendant, Ferguson. These documents, it is claimed by plaintiff, were used by the plaintiff while on the witness stand, for the purpose only of refreshing his recollection, but, upon this point, the defendant argues that not even for the purpose of recollection were these instruments of writing employed. It is admitted, in oral

## PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio
under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
Advance ...................................... $15.00
Discount for advance payment $3.00, making the
net price .................................... 12.00
Including Quarterly Digest, to paid subscribers,
no extra charge.
Including Binding of Weekly Parts at end of year,
if paid in advance, net....................... 13.50
Including One Annual Digest, at end of year, and
binding of weekly parts, paid in advance, net.. 16.00
Including Cinque Digest and Year's Subscription..$18.00
Single Numbers ............................... .35

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning........................Business Director
Sheldon R. Laning...................Editorial Director

argument, by plaintiff's counsel, that the sole purpose of their use was to aid the recollection of the party plaintiff, and this admission, as well as the record in the case, is determinative of the question of error, because the parties to this litigation were not in privity with respect to these instruments in writing, whose source were the lumber firms or the laborers who performed the labor and hence, the evidence was of an extraneous nature and not binding, under the rules of evidence, upon the defendant below, inasmuch as she was no party to the transaction, but the documents contained matters foreign to the issues as raised by the pleadings, and the evidence in character was hearsay, and it being of a documentary nature and in the form of exhibits that went to the jury, it appears quite clear to us that their effect was prejudicial, and that the learned trial court. in permitting their introduction, was in error under the rules relating to the introduction of evidence as to book accounts.

Thus it is our unanimous opinion that in this respect there was prejudicial error.

Another assignment of error is that the defendant was denied the right to offer testimony as to the reasonable value of the services for which claim was made. This class of evidence was competent on the ground, above stated, that where there is an issue as to which is the proper contract, evidence as to what is reasonable or unreasonable becomes competent as shedding light upon the real issue as to which is the contract. With this status in the case, the defendant below, in our judgment, had the right to offer evidence of this character and, under the record, the denial of this right, we think, is prejudicial error.

Holding these views, the judgment of the lower court is hereby reversed, and, inasmuch as the ultimate facts are apparently conceded in the record, under the authority of the Supreme Court, we render final judgment for the plaintiff in error."

(Vickery and Levine, JJ., concur.)